# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

|  |  |
|---|---|
| ) | Case No. |
| ) | *(to be filled in by the Clerk's Office)* |

| | |
|---|---|
| Hong Liang Shen,<br>Jie Tan<br><br>*Plaintiff*<br>**-v-**<br><br>JUDGE DANA S. DOYLE, in her official and<br>individual capacities;<br>REGISTER ANTHONY P. PATELLA, in his<br>official and individual capacities;<br>JUDGE AMY L BLAKE, in her official and<br>individual capacities;<br>CLERK PAUL TUTTLE, in his official and<br>individual capacities<br><br>*Defendant* | **Demand for Jury Trial** |

## COMPLAINT FOR DELCARATORY AND INJUCTIVE RELIEF

## I.    THE PARTIES

**The Plaintiff**

1.  Plaintiff Hong Liang Shen ("Shen") is a restaurant Chef, a permanent NY resident with mailing address at 41-40 Union St, Apt 9F, Flushing, NY 11355.

2.  Plaintiff Jie Tan ("Tan"), a Massachusetts-licensed attorney, maintains her office at JT Law Services, PC, 400 Tradecenter Dr., STE 5900, Woburn, MA 01801. She represented Shen in the underlying proceedings and appeals.

**The Defendants**

3.  Defendant Judge Dana S. Doyle ("Doyle"), a Justice of the Berkshire Probate and Family Court, located at 44 Bank Row, Pittsfield, MA 01201, is sued in her official capacity for issuing unconstitutional orders and in her individual capacity for non-judicial acts, including conspired with court staff and defendant Patella in implementing docketing policy that violated the Massachusetts rule of civil procedures.

4.  Defendant Anthony P. Patella ("Patella"), Register of the Berkshire Probate and Family Court, located at 44 Bank Row, Pittsfield, MA 01201, is sued in his official and individual capacities for ministerial acts, including removing docket documents and implementing policy that violated the Massachusetts rule of civil procedures.

5.  Defendant Judge Amy L Blake ("Blake"), Chief Judge of the Massachusetts Appeals Court, located at John Adams Courthouse, 1 Pemberton Square, Suite 1200, Boston, MA 02108, is sued in her official capacity for issuing appellate rulings with no evidential support and in her individual capacity for any non-judicial acts.

6.  Defendant Appeals Court Clerk Paul Tuttle ("Tuttle"), a Clerk of the Massachusetts Appeals Court, located at John Adams Courthouse, 1 Pemberton Square, Suite 1200, Boston, MA 02108, is sued in his official and individual capacities for ministerial acts, including omitting critical transcripts.

**II.BASIS FOR JURISDICTION**

7.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the claims arise under federal law, specifically 42 U.S.C. § 1983, 42 U.S.C. § 1985 and the U.S. Constitution. Supplemental jurisdiction over related state law claims, if any, is proper under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2), as Defendants reside or perform duties in Massachusetts, and the events giving rise to the claims occurred in Berkshire County and Boston, Massachusetts.

8.  This action challenges independent constitutional violations, not state court judgments, avoiding the Rooker-Feldman doctrine (*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiffs exhausted state remedies, with the Massachusetts Supreme Judicial Court denying further appellate review on June 6, 2025.

**III. INTRODUCTION**

9.  Plaintiffs Jie Tan and Hong Liang Shen bring this action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (2) against Defendants Judge Dana S. Doyle, Register Anthony P. Patella, Judge Amy L Blake, and Appeals Court Clerk Paul Tuttle, in their official and individual capacities, for violations of their constitutional rights under the First, Fifth, and Fourteenth Amendments, and other applicable rights of the United States Constitution.

10. Defendants, acting under color of state law, engaged in a pattern of misconduct during the underlining divorce and contempt proceedings (Berkshire Probate and Family Court, Docket No. BE20D0145DR) and related appeals (Massachusetts Appeals Court, Docket Nos. 2023-P-1468, 2024-P-0295, 2023-P-0669). They deliberately removed court records, fabricated prior court decision as relevant evidence for frivolousness in order to punish the plaintiffs, disregarded Shen's evidence, and used contempt proceeding for contract

disputes, forced the Plaintiffs to conceal the clouded title against law under penalty of contempt, and issued further contempt orders to punish Tan's protected advocacy and deprived Shen's rights to a fair trial and property rights in the marital home.  Collectively they perverted the judicial process to achieve an ultimate unjust outcome in the recent MA Appeals Court decisions of April 8, 2025 and June 24, 2025, 2025 as recorded in Zheng v. Shen, 105 Mass. App. Ct. 1121 (2025).

11.   Plaintiffs seek prospective declaratory and injunctive relief to redress these constitutional violations, prevent further harm, and ensure fair judicial proceedings, pursuant to *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

12.   These claims involve factual disputes triable by a jury, including Defendants' motives and intentional disregard of evidence.

## IV. FACTUAL ALLEGATIONS

### A. Divorce Proceedings Background

13.   On July 8, 2020, Conghui Zheng filed divorce against Shen in Berkshire Probate and Family Court (Docket No. BE20D0145DR). Tan represented Shen, while Zheng was represented by Edward Hung ("Hung", July 2020–May 2023) and Katherine J. Bierwas and Krista A. Wroldson Miller ("Bierwas" and "Miller" respectively, since May 10, 2023).

14.   On February 8, 2021, the Berkshire court set a scheduling order for prompt discovery and for pretrial conference on August 9, 2021, the marital home ("house") at 127 Oak Hill Road, Pittsfield, MA, was the key disputed asset. On March 3, 2021, Shen's appraiser valued the house at $263,000, this value was accepted by both parties on August 9, 2021,

*expecting a prompt trial date*. However, after the pre-trial conference, the court placed the case on an indefinite **"rolling"** timeline without any explanation.

15. On November 23, 2021, Tan e-filed a Request for Trial Date. On November 26, 2021, Patella rejected the filing and refused docketing it, despite Mass. R. Civ. P. 79(a) requiring docketing of all filings (**Exhibit 1**). Patella's rejection of the filing was after Tan's phone inquiry about the status of her e-filing, suggesting a possible retaliation.

16. By March 8, 2022, the house's value rose to approximately $340,000, based on comparable sales and Zillow estimates. Tan requested a re-appraisal, but Zheng's counsel Hung denied access. On April 13, 2022, Tan moved to compel the house's sale, but the court denied the motion on May 12, 2022, proceeded to trial without setting a trial date.

17. On September 8, 2022, case manager Lisa McCormack suddenly set a trial date for October 4, 2022, with the notice received on September 18, 2022 by Tan. Unable to schedule a new appraisal, on September 23, 2022, Tan filed motions to continue the trial and motion for re-appraisal supported by a Zillow valuation of $350,000. Judge Dacyczyn did not decide on the motions until one week later.

18. On September 28, 2022, Judge Dacyczyn denied all of Tan's motions citing discovery closed (**Exhibit 2**), without any consideration of fairness to Shen's right to fair valuation, accepted the valuation of more than 17 months old that only benefited Zheng, despite fair valuation requirement by *Bernier v. Bernier*, 449 Mass. 774 (2007), and the general requirement of valuation at trial time articulated in multiple SJC cases, including *Pare v. Pare*, 409 Mass. 645 (1991) ("The judge's findings must reflect a consideration of the current market value of the marital assets at the time of trial, as this ensures that the

division of property is equitable and reflective of the parties' economic circumstances" *Id.* at 650 ).

19. On September 29, 2022, Tan filed emergency motions for Shen, a non-English-speaking restaurant chef in Chicago without a driver's license, to **testify remotely** and to withdraw from the 2021 stipulation due to the short notice of denial of continuation. Judge Dacyczyn again denied the motion, **to only benefit Zheng** on October 4, 2022, **preventing Shen from testifying** (**Exhibit 2:** from Judge's Procedural history). At trial, Zheng's counsel presented the outdated $263,000 appraisal. Tan's hearsay objections were overruled, again only to benefit Zheng.

20. During the trial Patella and his clerk could not setup the zoom connection until after 2 PM (China's 2 AM) for Shen's 80-year-old father to testify from China. And Judge Dacyczyn refused for Tan to ask further cross-examinations to Zheng after 4 PM.

21. On December 7, 2022, Judge Dacyczyn issued a divorce judgment valuing the home at $263,000, ordering Zheng to retain the home and pay Shen $85,309 by March 15, 2023, if not, **after March 15, 2023**, to sell it with a mutually agreed-upon realtor (**Exhibit 3: Divorce Judgment**).

22. On January 17, 2023, Tan filed a complaint with the Commission on Judicial Conduct against Judge Dacyczyn and Patella for the scheduling and docketing irregularities. The complaint was not dismissed, the outcome of the investigation was unknown, but Judge Dacyczyn was transferred to another county court.

23. On January 30, 2023, Zheng listed the home for $379,000 with realtor Robin Moore, breaching the divorce judgment's timeline and confirming a higher market value.

*B. Rule 60(b) Motion and Appeal (2023-P-0669)*

24. On March 28, 2023, Zheng secured a $354,900 offer. On April 21, 2023, Tan filed a **13-page** Rule 60(b) motion to vacate the $263,000 valuation, supported by the purchase and sale (P&S) agreement as new evidence (**Exhibit 4**). Patella removed the P&S supporting document and docketed only four pages (**Exhibit 5**).

25. On May 10, 2023, Dacyczyn treated the Rule 60(b) motion as a Rule 59 motion and denied it as untimely. Tan appealed on **May 19, 2023** (2023-P-0669). **On July 15, 2024**, the Appeals Court affirmed the denial in a 3-page decision *Zheng v. Shen*, 104 Mass. App. Ct. 1113 (2024), without addressing the valuation issue (**Exhibit 6**: Zheng (2024)).

26. After May 2023, Patella implemented a policy of not docketing motion exhibits, violating Mass. R. Civ. P. 79(a), as confirmed by court clerk emails (**Exhibit 7**: Clerk emails confirming policy, pg. 4), with the apparent cooperation of Judge Doyle.

### C. First Contempt Proceedings and Appeal (2023-P-1468)

27. On April 26, 2023, Shen executed a limited power of attorney for Zheng's real estate attorney, Michael J. Shepard, <u>to escrow the house sale proceeds</u> <u>pending P0669-appeal</u>, but Shepard voided the power of attorney. Upon the buyer's attorney agreement to extend the closing date to April 27, 2023, Shen executed the deed and FedExed overnight the closing documents on April 27, 2023. But Zheng's counsel instructed refusal, canceling the $354,900 sale (**Exhibit 8**: Email from Hung instructing refusal).

28. On April 28, 2023, Shen filed a contempt complaint against Zheng for failing to sell the house as ordered by the Divorce Judgment (**Exhibit 9,** Tan's Contempt complaint). On June 29, 2023, Bierwas filed a counter-contempt complaint, alleging that Shen refused to

execute closing documents on **March 28, 2023** (**Exhibit 9,** Beirwas' counter-contempt complaint).

29. On September 28, 2023, Doyle held a contempt hearing for both complaints, finding Zheng not contempt despite she removed the house from the market (**Exhibit 10A, the hearing transcript**). Despite Shen's alternative proposal for placing the house sale proceeds in an escrow account pending appeal decision (**Exhibit 10B, the hearing transcript**), Doyle issued a further contempt judgment requiring both parties to hire *previously* agreed realtor (Robin Moore), whose contract had expired, follow *all* her recommendations, exceeding the divorce judgment's terms (**Exhibit 11**, Contempt judgment).

30. Shen appealed on October 13, 2023 (2023-P-1468), arguing Doyle abused her discretion by ignoring the valuation issue (**Exhibit 17**, Appeal brief).

*D. Second Contempt Proceedings and Appeal (2024-P-0295)*

31. On October 16, 2023, Zheng's counsel demanded Shen sign Moore's listing agreement unconditionally. While Tan reviewing and negotiating the listing agreement with Moore, on October 19, 2023, Zheng's counsel filed a second contempt complaint, alleging Shen refused to sign **a non-existent** P&S agreement (**Exhibit 12A**). Shen signed the listing agreement on October 30, 2023.

32. At November 20, 2023 contempt hearing about Zheng's complaint of the non-existent P&S, Zheng's counsel **suddenly** alleged a "price disagreement" of which Moore had agreed to delay a price reduction for one week (**Exhibit 12B**, Moore's emails).

33. Instead of dismissing the contempt complaint for lack of probable cause, Doyle continued the hearing to be about the **house's market value** on December 18, 2023, and Moore was proposed to be the witness. On December 18, 2023, Moore testified a $317,000 valuation, despite market trends to $374K (**Exhibit 13**, market trend), a $40,000 drop from her $359,900 listing. Doyle ordered a $40,000 price reduction, which Shen executed on December 20, 2023.

34. On December 20, 2023, Tan notified Moore and Zheng's counsel of potential title issues due to pending appeals, citing M.G.L. c. 184, § 21 (**Exhibit 14**, notification email). Meanwhile, Tan's good faith motions to stay the divorce judgment were denied without hearing.

35. On January 2, 2024, Moore submitted a P&S agreement by a college student buyer for a "full price" offer of $317,000 with a $1,000 deposit, listing a vacant lot as the buyer's address and Moore as a buyer's agent, a different broker as a seller agent.

36. Shen executed it but disclosed the litigation status on the P&S. Moore did not reject the note (**Exhibit 15A**, email communications and hearing transcript about the realtor). On January 3, 2024, Zheng's counsel requested an emergency hearing, scheduled by Patella's case manager within one hour, before a formal motion was filed. Tan's opposition, however, was not docketed.

37. On January 4, 2024, Doyle held the emergency hearing, focusing solely on Moore's recommendation against the note, ignoring Tan's explanation that the realtor lacked authority to review contract terms, and that Moore emailed the P&S for review by attorney. At the hearing, Tan also agreed to have the P&S signed (**Exhibit 15B,** hearing transcript). Despite Shen's compliance and offer to execute P&S without the note, Doyle

found him in contempt, appointed Attorney Jennifer Breen, and imposed costs (**Exhibit 16**: contempt orders). The order was emailed within one hour, suggesting premedition.

38. Shen appealed on January 10, 2024 (2024-P-0295). Breen resigned on March 8, 2024 because of clouded title issue, and Bierwas admitted title issues on March 15, 2024.

### E.   Appeals Court Proceedings

39. Tan filed appeal briefs on February 27, 2024 (2023-P-1468) (**Exhibit 17**) and April 26, 2024 (2024-P-0295) (**Exhibit 18**), addressing contempt issues distinct from the Rule 60(b) motion in Zheng v. Shen (2024). Zheng's briefs, filed August 1 and November 21, 2024, violated Mass. App. Ct. R. 19(e) deadlines, arguing Tan's appeals re-litigated Zheng v. Shen (2024).

40. On February 10, 2025, Judge Blake consolidated the appeals and reduced hearing time from 30 to 20 minutes, one day before the hearing. On April 8, 2025, Blake ruled that Tan's appeals **re-litigated** Zheng v. Shen (2024), awarding double costs to Zheng's counsel, despite Zheng v. Shen (2024) **not existing** when Tan filed her appeals (**Exhibit 19**, Zheng (2025)).

41. Tuttle omitted the January 4, 2024 transcript from the appellate record, enabling Blake's reliance on Zheng's counsel's narrative.

42. On June 24, 2025, Blake awarded $31,547 and double costs of $1,689 to Zheng's counsel, despite Tan's opposition noting Zheng v. Shen (2024)'s inapplicability (**Exhibit 20**, attorney fee and cost award; **Exhibit 21**, Tan's opposition filed June 5, 2025).

## V. CAUSES OF ACTION

Evidence of Misconduct

43. Defendants' docketed actions - denying Shen remote testimony, removing critical evidence (e.g., Exhibit 5, Exhibit 9) from docketing, issuing contempt orders for contract disputes (Exhibit 11, Exhibit 16), and utilizing then non-existent Zheng v. Shen (2024) as evidence (*see* Exhibit 6, Exhibit 19) for frivolousness--demonstrate a pattern of procedural unfairness and possible fabrication of evidence to justify punishment (Exhibit 20), violating due process (*In re Girardi,* 611 F.3d 1027, 1036-37 (9th Cir. 2010)).

44. The disparate treatment of Plaintiffs compared to Zheng, who faced no penalties for late filings or re-litigation, suggests bias and conspiracy to retaliate under 42 U.S.C. § 1985.

## Count I

### Pursuant to 42 U.S.C §1983
### Violation of Procedural and Substantive Due Process (Fourteenth Amendment)
### All Defendants, in their individual and official capacities

45. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

46. Defendants, acting under color of state law, deprived Plaintiffs of procedural due process by denying Shen a meaningful opportunity to contest the marital home's valuation, freedom to negotiate contract without coercion or duress, judgment of frivolousness with evidential support (Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).

47. *Maness v. Meyers* (1975) 419 U.S. 449 (1975), due process requires an opportunity to contest the order's validity. *NLRB v. Katz* (1962) 369 U.S. 736 (1962), the duty to negotiate was grounded in a specific statutory obligation, not a general judicial mandate. *Forrester v. White*, 484 U.S. 219 (1988) judge are not entitled to absolute judicial immunity for nonjudicial acts.

48. The original Divorce Judgment does not obligate Shen to sign a listing agreement with a realtor he did not consent; and to follow all recommendations of the realtor, to execute all closing documents.

49. Judge Doyle knew that Realtor Robin Moore was chosen by Zheng and she **was not neutral** yet Judge Doyal gave Robin Moore <u>unlimited </u>power over Shen's interest, using the contempt hearing to **pre-emptively trap** Shen and Tan into a contempt proceeding with the **sudden** accusation of a price disagreement at the hearing without prior notice**.**

50. Doyle was an accomplice with Patella in implementing a court policy of not docketing hearing exhibits, sabotaged Shen's appeals.

51. Patella rejected Tan's November 23, 2021 filing (**Exhibit 1**) removed the April 21, 2023 P&S motion document from the docket (**Exhibit 5**), not setting up remote zoom connections, and implemented a docketing policy against docketing exhibits violating Mass. R. Civ. P. 79(a) (**Exhibit 7**). All of these actions unfairly prejudiced the process against the plaintiffs.

52. *Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985), the court held that judicial decisions must be supported by some evidence, not arbitrary or capricious.

53. Judge Blake, On February 10, 2025 oral argument, she reduced Tan's time from 30 minutes to 20 minutes.  On April 8, 2025, she arbitrarily applied Zheng v. Shen (2024) <u>as evidential support</u> for her finding of frivolousness in Tan's appeals, whereas Zheng v. Shen (2024**) did not exist** when Tan's appeals were filed (*see* **Exhibit 6**).

54. Clerk Tuttle omitted the January 4, 2024 transcript and disregarded appeals court docket timeline, enabling Blake's erroneous findings (**Exhibit 19**).

55. Judge Doyle and Judge Blake's imposition of attorney fees and excessive costs, potentially involving fabricated justifications, implementing court policy that violated rules of Civil Procedure 79, illegal actions as to forcing concealment of clouded title, lacked a legitimate governmental purpose, were arbitrary and shocked the conscience (*County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

56. Defendants' actions were intentional because they knew their apparent lack of evidential support.

### Count II

#### Pursuant to 42 U.S.C §1983
#### Violation Of First Amendment Rights
#### Against Doyle, Blake, in their official capacities

57. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

58. Tan's representation and appeals (**Exhibit 10**, **Exhibit 17**, **Exhibit 18**) and Shen's litigation efforts were protected First Amendment activities. Doyle's contempt orders of additional obligations (**Exhibit 11**, **Exhibit 16**) and Blake's attorney fees and cost awards (**Exhibit 19**, **Exhibit 20**) retaliated against this advocacy, intending to deter it (*Hartman v. Moore*, 547 U.S. 250, 256 (2006)).

59. This retaliation chilled Plaintiffs' First Amendment rights, causing reputational and emotional harm to Tan and Shen.

60. Defendants' actions were intentional because they knew of their apparent lack of evidential support.

### Count III

#### Pursuant to 42 U.S.C § 1983

**Violation of Equal Protection (Fourteenth Amendment),
and Right to Access Court (First Amendment)
Against All Defendants in Their Official Capacities**

61. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

62. Defendants treated Plaintiffs differently from Zheng, a similarly situated party, by penalizing Shen's compliance and Tan's advocacy (**Exhibit 17**, **Exhibit 18**) while ignoring Zheng's late filings (see **Exhibit 21**) and re-litigation This disparate treatment lacked a rational basis (*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

63. The unequal treatment caused irreparable harm to Tan in her confidence in the court system, and financial loss to Shen.

64. Defendants' actions were intentional because they knew of their apparent lack of evidential support.

**Count IV**

**Pursuant to 42 U.S.C § 1985
Due Process (Fourteenth Amendment) and Contract Clause
Against Doyle in her individual and official capacities**

65. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

66. Doyle's use of contempt to force listing agreement and the P&S agreement upon Shen, to force concealment of the clouded title (**Exhibits 14, 15A**, **Exhibit 16**), substantially impaired Shen's freedom to contract without coercion and duress, such action is without a legitimate public purpose (*Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–12 (1983)).

67. This impairment violated the Contract Clause, causing injury to Shen's contractual rights and Tan's advocacy.

68. Defendants' actions were intentional because they knew of their apparent lack of evidential support.

## COUNT V

### Violation of 42 U.S.C. § 1985 (2)

69. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

70.  Palleta and Doyle implemented a court policy that violated the Rule of Civil Procedure 79(a) and sabotaged the appeal process of Shen.

71. The complaint alleges coordinated actions by Defendants, including Patella's removing of the supporting document (**Exhibit 5**), Doyle's contempt orders (**Exhibits 11**, **16**), Blake's consciousness shocking frivolousness findings (**Exhibits 19, 20**), and Tuttle's transcript omission (**Exhibit 19**) and other circumstantial evidence (e.g., rapid scheduling of the January 4, 2024, hearing, paragraph 32, five to seven months of extension of time for Zheng's attorney to file appeal briefs with a favorable consequence) suggests an agreement.

72. The defendants conspired to (1) injure a party or witness in a court proceeding, (2) in a state court and appeals court, (4) causing injury, (5) with intentional conduct.

### Count VI
### Pursuant to 42 U.S.C § 1983
### Excessive Punishment
### Due Process (Fourteenth Amendment),
### Against Doyle, Blake in their individual and official capacities

73. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

74. Despite Tan's filings of appeals was good faith and Judge Blake's evidence for "re-litigation" did not exist at the time her appeal, on June 24, 2025, Judge Blake awarded $31,547, and double costs of $1,689 to Zheng's attorney (**Exhibit 20**).

75. Such awarding of attorney fees is excessive and punishment in nature, violating due process of fairness and justice.  Under *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the excessiveness is measured under objective standard of reasonable person. A reasonable judges would have followed MA laws of not-awarding of appellate attorney fees and double cost absence of any "egregious" behaviors. *Avery v. Steele*, 414 Mass. 450, 455 (1993) ("sanctions should be imposed only in egregious cases").

76. As a result, Tan and Shen are excessively punished by Judge Blake and Judge Doyle's violation of their due process rights for equal protection (*see* **Exhibit 16, Exhibit 19, Exhibit 20**).

77. Defendants' actions were intentional because they knew of their apparent lack of evidential support.

## VI.  REQUEST FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief:

    a. Declaratory judgment that Defendants violated Plaintiffs' First, Fifth and Fourteenth constitutional rights.

    b. Declare that the $263,000 valuation judgment violated Shen's due process rights.

    c. Declare that Doyle's contempt findings and unauthorized obligations of September 28, 2023, January 4, 2024, April 8, 2024 were unconstitutional.

    d. Declare that Blake's frivolous and re-litigation judgment was unconstitutional.

    e. Declare that Blake's awarding of appellate attorney fees and double cost was unconstitutional.

    f. Issue a permanent injunction enjoining Defendants from enforcing the contempt orders of September 28, 2023 and January 4, 2024 and Aprile 8, 2024, the April 8, 2025, the appellate decision, and from further retaliatory actions, pursuant to *Pulliam v. Allen*, 466 U.S. 522 (1984).

g.  Issue a permanent injunction enjoining the sale of the marital home through realtors not agreed by both parties.

h. Award reasonable costs and attorney's fees under 42 U.S.C. § 1988.

i. Grant such other relief as the court deems just, particularly in the event of each defendant being found individually liable.

DEMAND FOR JURY TRIAL

Date of signing:          July 1, 2025

/s/ *Jie Tan/*

_____

Signature of Plaintiff and Attorney
Jie Tan
Mass Bar# 666462
JT LAW Office
400 Tradecenter Dr., STE 5900
Woburn, MA 01801
Tel: 9783359335
Jie.tan@jtlawservices.com