# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| Hong Liang Shen,<br>Jie Tan<br><br>*Plaintiff*<br>-v-<br><br>JUDGE DANA S. DOYLE, in her official and individual capacities;<br>REGISTER ANTHONY P. PATELLA, in his official and individual capacities;<br>JUDGE AMY L BLAKE, in her official and individual capacities;<br>CLERK PAUL TUTTLE, in his official and individual capacities<br><br>*Defendant* | Case No. 3:25-cv-11876-KAR<br>*(to be filled in by the Clerk's Office)*<br><br>**Demand for Jury Trial** |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

### I. INTRODUCTION

This motion seeks to preserve the status quo by preventing irreparable harm to Plaintiffs' constitutional rights under the First, Fifth, and Fourteenth Amendments, as alleged in the Complaint (Dkt. 1). Defendants' actions in the underlying state divorce and contempt proceedings (Berkshire Probate and Family Court, Docket No. BE20D0145DR) and related appeals (Massachusetts Appeals Court, Docket Nos. 2023-P-1468, 2024-P-0295, and 2023-P-0669) have

violated Plaintiffs' due process, equal protection, and free speech rights through biased enforcement, fabrication of evidence, and retaliatory sanctions. Without injunctive relief, the marital home will be sold under coerced terms, rendering Plaintiffs' claims moot and causing permanent financial and emotional injury.

## II. STATEMENT OF FACTS

The facts are drawn from the Complaint (Dkt. 1) and supporting exhibits (Dkts. 1-1 through 1-24), which are incorporated herein by reference.

1. On December 7, 2022, the Berkshire Probate and Family Court issued a Judgment of Divorce Nisi valuing the marital home at $263,000 and awarding it to Conghui Zheng, subject to payment to Plaintiff Shen of $85,309 by March 15, 2023, or sale thereafter with a mutually agreed-upon realtor (Dkt. 1-3).

2. Subsequent contempt proceedings led to orders on September 29, 2023 (Dkt. 1-12) and January 4, 2024 (Dkt. 1-19), imposing unauthorized obligations on Shen, including mandatory compliance with a non-neutral realtor's recommendations and concealment of title issues, in violation of due process and the Contract Clause (Dkt. 1, ¶¶ 29-38).

3. Shen's appeals were deemed frivolous by the Massachusetts Appeals Court on April 8, 2025 (Dkt. 1-22), relying on a prior decision (Zheng v. Shen, 104 Mass. App. Ct. 1113 (2024); Dkt. 1-6) that did not exist at the time of filing, resulting in excessive attorney fees and double costs awarded on June 24, 2025 (Dkt. 1-23).

4. On July 9, 2025, Zheng filed a motion in the Berkshire Probate and Family Court to relist the marital home for sale (Dkt. 1-24), seeking to vacate a prior suspension order and proceed with a sale at a price determined solely by Zheng and the realtor, despite ongoing title clouds from the appeals and Shen's lack of consent to the realtor.

5. The Complaint in this action was filed on July 1, 2025 (Dkt. 1). Pursuant to Federal Rule of Civil Procedure 4(c)(1), the Complaint and Summons were mailed to Defendants via certified mail on July 9, 2025, as evidenced by the certified mail receipts and tracking information (to be filed as exhibits upon receipt confirmation). As of the date of this motion (July 13, 2025), Defendants have not yet been served or appeared, rendering conferral under Local Rule 7.1 impracticable.

### III. LEGAL STANDARD

A preliminary injunction is warranted if Plaintiffs demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) a balance of equities favoring the injunction; and (4) that the public interest supports it. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); see also *Largess v. Supreme Judicial Court for the State of Massachusetts*, 373 F.3d 219, 224 (1st Cir. 2004).

### IV. ARGUMENT

**A. Likelihood of Success on the Merits**

Plaintiffs are likely to succeed on their claims under 42 U.S.C. §§ 1983 and 1985. Defendants violated procedural due process by denying Shen a fair valuation hearing and

imposing coercive obligations without evidentiary support (Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Dkt. 1, ¶¶ 46-56). The contempt orders compelled concealment of title issues, impairing Shen's contractual rights without legitimate purpose (*Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411-12 (1983); Dkt. 1, ¶¶ 65-68). Retaliatory sanctions chilled First Amendment rights (*Hartman v. Moore*, 547 U.S. 250, 256 (2006); Dkt. 1, ¶¶ 57-60). Disparate treatment of Plaintiffs versus Zheng lacks rational basis, violating equal protection (*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); Dkt. 1, ¶¶ 61-64). Coordinated actions, including docket manipulation and transcript omissions, evidence conspiracy (Dkt. 1, ¶¶ 69-72). Excessive fees shock the conscience (*County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); Dkt. 1, ¶¶ 73-77).

### B. Irreparable Harm

Absent an injunction, the marital home will be sold (see **Exhibit 1**) under unconstitutional orders, causing permanent loss of property rights and mooting Plaintiffs' claims (*Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Tan faces ongoing reputational harm from frivolous findings, and Shen risks financial ruin from coerced sales terms (Dkt. 1, ¶¶ 36-42).

### C. Balance of Equities and Public Interest

The equities favor Plaintiffs, as Defendants face no harm from maintaining the status quo pending adjudication. The public interest supports upholding constitutional rights and preventing judicial overreach (*Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)).

### V. CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), Plaintiffs certify that a good-faith conference with Defendants regarding the relief sought in this motion has not occurred. The Complaint and Summons were mailed to Defendants via certified mail on July 9, 2025. As of the date of this filing, Defendants have not been served, have not appeared in this action, and no counsel or contact information for Defendants is known beyond their official addresses. Accordingly, conferral is impracticable at this time, and the motion is presumed opposed.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Grant a preliminary injunction enjoining Defendants from enforcing the specified orders and from relisting or selling the marital home without mutual agreement;

2. Schedule a hearing if necessary; and

3. Grant such other relief as the Court deems just and proper.

                                                Respectfully submitted,

Date of signing:     July 14, 2025

                                                /s/ *Jie Tan/*

                                          Signature of Plaintiff and Attorney
                                          Jie Tan
                                          Mass Bar# 666462
                                          JT LAW Office
                                          400 Tradecenter Dr., STE 5900
                                          Woburn, MA 01801
                                          Tel: 9783359335
                                          Jie.tan@jtlawservices.com

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**
Pursuant to Local Rule 7.1(a)(2), Plaintiffs certify that a good-faith conference with Defendants regarding the relief sought in this motion has not occurred. The Complaint and Summons were mailed to Defendants via certified mail on July 9, 2025. As of the date of this filing, Defendants have not been served, have not appeared in this action, and no counsel or contact information for Defendants is known beyond their official addresses. Accordingly, conferral is impracticable at this time, and the motion is presumed opposed.

/s/*Jie Tan*_____
Jie Tan. Esq


**CERTIFICATE OF SERVICE**
I hereby certify that on July 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, and will send paper copies via certified mail to those indicated as non-registered participants.
/s/ Jie Tan
Jie Tan